1 | CHARLES GEERHART (SBN 139769)
  | PAOLI & GEERHART, LLP
2 | 785 Market Street, Suite 1150
  | San Francisco, CA 94103
3 | (415) 498-2101

E-filing

4 | Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNESTO BAGLIERI,

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO; ANGUS CHAMBERS, individually and in his capacity as a police officer; and DOES 1-30

    Defendants.

Case No. C 10 0284 MEJ

**COMPLAINT FOR DAMAGES
(JURY TRIAL DEMANDED)**

Plaintiff ERNESTO BAGLIERI hereby alleges as follows:

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged occurred in the city of San Francisco, California, which is within this judicial district.

2. Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims

BAGLIERI v. City/County of SF et al
USDC No. _____
COMPLAINT FOR DAMAGES    1

1 brought in this action. The federal and state law claims arise from a common set of operative facts
2 and from the same set of transactions and occurrences.

## PARTIES

3. Plaintiff ERNESTO BAGLIERI is and at all times herein mentioned, was a resident of the City and County of San Francisco, State of California, and a citizen of the United States. Plaintiff is of Spanish/Sicilian descent.

4. Defendant CITY AND COUNTY OF SAN FRANCISCO [hereinafter CCSF] is a municipal corporation, duly organized and existing under the laws of the State of California.

5. At all times mentioned herein, Defendant ANGUS CHAMBERS [hereinafter referred to as "CHAMBERS"] was employed as a police officer for Defendant CCSF with badge or star number 972. Defendant CHAMBERS is sued individually and in his capacity as a police officer for CCSF. By engaging in the conduct described herein, Defendant CHAMBERS acted under color of law and in the course and scope of his employment for Defendant CCSF. By engaging in the conduct described herein, Defendant CHAMBERS exceeded the authority invested in him as a police officer under the U.S. Constitution and as an employee of CCSF.

6. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained.

7. At all times mentioned herein, each named and each DOE Defendant was the agent or employee of Defendant CCSF, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CCSF.

*BAGLIERI v. City/County of SF et al*
*USDC No. _____*
COMPLAINT FOR DAMAGES               2

## STATEMENT OF FACTS

8. On September 17, 2009, about 7:00 p.m., Plaintiff Ernesto Baglieri, who resided with his parents at 1183 Hampshire Street, was getting ready to drive to PacBell park with his girlfriend. He was parked in between his parents' cars at the curb at a slight angle because there was not enough room for his car to fit. He went to his trunk to get a sweatshirt. Then an unmarked San Francisco Police squad car with two officers pulled up across the street. An officer (now known to be Officer Angus Chambers, Star #972) dressed in plainclothes with no badge visible was in the passenger seat and told Mr. Baglieri it looked like he had hit the car behind him (which was his father's car). Mr. Baglieri did not know this man was a police officer. The man then asked Mr. Baglieri if he was stealing the car. Mr. Baglieri asked him "who the hell are you?" The man (Chambers) then jumped out of the car with a flashlight and handgun propped on his wrist and pointed at Plaintiff. He ran across the street and put the gun right into Plaintiff's face. He pulled the hammer back and yelled at Plaintiff, "BACK UP!" He then finally pulled out his police badge.

9. Officer Chambers turned Plaintiff around and placed handcuffs on him. He slammed him face down on his own car. Chambers then threatened Plaintiff by yelling, "Do you want to die, or go to jail?" Plaintiff's parents and neighbors came out of their homes to see what was happening. More officers showed up on the scene. Officer Chambers screamed at Plaintiff, "Do you want your parents to go to jail too?" He also threatened Plaintiff's girlfriend with jail. An Asian officer who appeared to be Chambers' partner tried to calm Chambers down, but he still had his gun pointed at and directly next to Plaintiff's head. Officer Chambers then went into Plaintiff's car, without permission or probable cause, and found his wallet in the center console. He allegedly ran Plaintiff's record on a database and came back and said Plaintiff was "a felon" and "should go to jail." (Plaintiff has never had a felony arrest, let alone a conviction.) Plaintiff informed Officer Chambers that he was mistaken.

10. Plaintiff spent at least 10 minutes handcuffed. Officer Chambers' gun was out and pointed at Plaintiff close to his head or face for at least five minutes. Finally, the Asian officer unlocked

1 Plaintiff's handcuffs, apologized, and released him. No charges were filed by police against Plaintiff.

11. Plaintiff alleges that Officer Chambers and other officers whose names are presently unknown were negligent in their handling of this incident in that no police officer should have handcuffed Plaintiff, pointed a gun at Plaintiff, struck Plaintiff or laid hands on him in any way, as he posed no credible threat to anyone.

12. The seizure of Plaintiff was unjustified. Even if force were justified, excessive force was used. No search of his vehicle or person was justified.

13. Plaintiff also alleges that Officer Chambers intentionally battered and assaulted him.

14. Plaintiff further alleges that Officer Chambers and others discriminated against him based on his apparent race and ethnicity (he could appear to be Hispanic, but is actually of Spanish/Sicilian ancestry), as no white person would ever have been subjected to this kind of treatment.

15. Plaintiff further alleges that the above facts are part of a pattern and practice based on unwritten policy or custom in the SFPD to harass persons of color in the course of street contacts.

16. Plaintiff further alleges that SFPD failed to properly train the officers involved and failed to properly supervise the officers involved.

## DAMAGES

17. As a proximate result of Defendants' conduct, plaintiff feared for his life and suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

18. The conduct of Defendant CHAMBERS and DOES 1-30 was malicious, mean spirited, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant CHAMBERS and DOES 1-30.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney fees incurred in relation this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. 1983)
(Against defendant CHAMBERS and DOES 1-30)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 of this complaint.

21. In doing the acts complained of, Defendant CHAMBERS and DOES 1 through 30 acted under color of law to deprive the Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

f. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

g. The right of freedom of speech, as protected by the First Amendment to the United States Constitution.

22. As a proximate result of the wrongful conduct of Defendants CHAMBERS and DOES 1 through 30, Plaintiff suffered injuries and damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. 1983 Monell)
(Against defendant CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-30)

23. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 22 of this complaint.

24. Defendants CCSF, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant police officer herein and other CCSF peace officers, constituting the use of unnecessary and excessive force against persons and false arrests of persons. Despite said notice, Defendants CCSF, and DOES 1 through 30 have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by CCSF police officers. This lack of adequate supervisorial response by Defendants CCSF, and DOES 1 through 30 demonstrates ratification of the Defendant Officers' unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of persons by CCSF police officers.

25. The acts of Defendant CHAMBERS and DOES 1 through 30 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CCSF, and DOES 1 through 30 and their supervisory officials and employees to violations of the constitutional rights of persons by Defendant police officers herein, and other members of the CCSF Police Department. The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the CCSF, and DOES 1 through 30 to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

THIRD CAUSE OF ACTION
(42 U.S.C. 1981)
(Against CHAMBERS and Does 1-30)

26. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25 of this complaint.

27. In committing the wrongful acts described herein above, Defendant CHAMBERS and DOES

*BAGLIERI v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES         6

1 through 30 engaged in the racially motivated misuse of government power.

28. The above-described acts of Defendant CHAMBERS and DOES 1 through 30 further deprived plaintiff of his rights protected by 42 U.S.C. 1981, to the full and equal benefit of all laws and proceedings for the security of persons and property and is enjoyed by White or Caucasian persons, and to be subject to like punishment, pains, penalties, and exactions of every kind, and to no other.

29. The conduct of Defendant CHAMBERS and DOES 1 through 30 was committed with the intent to deprive plaintiff of the above-described rights.

30. The wrongful conduct of Defendant CHAMBERS and DOES 1 through 30 proximately resulted in plaintiff suffering injuries and damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
(California Civil Code Sec. 51.7)
(Against CHAMBERS and DOES 1-30)

31. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 of this complaint.

32. Plaintiff is informed and believes and thereon allege that the instant conduct based upon a past pattern and practice of similar conduct of Defendant CHAMBERS and DOES 1 through 30, as described herein, was motivated by racial prejudice against the Plaintiff. By engaging in such conduct, Defendant CHAMBERS and DOES 1 through 30 violated Plaintiff's rights under California Civil Code sec. 51.7 to be free from violence or intimidation by threat of violence committed against them because of their race, color, or ancestry.

33. Under the provisions of California Civil Code sec. 52(b), Defendant CHAMBERS and DOES 1 through 30 are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000) in addition thereto, and for the payment of Plaintiff's attorney's fees.

34. As a proximate result of Defendant CHAMBERS's and DOES 1 through 30's wrongful conduct, Plaintiff suffered damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTH CAUSE OF ACTION
(Assault and Battery)
(Against CHAMBERS AND DOES 1-30)

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 of this complaint.

36. Defendant CHAMBERS and DOES 1 through 30 placed the Plaintiff in immediate fear of severe bodily harm by physically seizing and battering him without any just provocation or cause.

37. Plaintiff did not consent to this offensive contact. The conduct of Defendants CHAMBERS and DOES 1 through 30 was neither privileged nor justified under statute or common law.

38. The conduct of Defendant CHAMBERS and DOES 1 through 30 proximately resulted in Plaintiff suffering damages as set forth.

WHEREFORE, plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against CHAMBERS AND DOES 1-30)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 of this complaint.

40. The conduct of Defendant CHAMBERS and DOES 1 through 30, as set forth herein, was willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon the Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SEVENTH CAUSE OF ACTION
(Negligence)
(Against CHAMBERS AND DOES 1-30)

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

42. At all times herein mentioned, Defendant CHAMBERS and DOES 1 through 30 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to persons in the exercise of their police function. The conduct of Defendant CHAMBERS and DOES 1 through 30, as set forth herein, did not comply with the standard of care to be exercised by reasonable peace officers nor did it comply with police department procedures, and proximately caused Plaintiff to suffer damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against CCSF and DOES 1-30)

43. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42 of this complaint.

44. Defendants CCSF and DOES 1 through 30 have, at all times mentioned herein, had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant CHAMBERS and DOES 1 through 30 herein so as to avoid unreasonable risk of harm to persons.

45. Defendants CCSF, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant CHAMBERS and DOES 1 through 30, and other CCSF police deputies, including the use of unnecessary and excessive force against persons and the deprivation of their liberty and property without good cause and illegal search and seizure without probable cause

1 | or a search warrant.

2 | 46. Despite this notice, Defendants CCSF, and DOES 1 through 30 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by CCSF police, and CHAMBERS.

47. Defendants CCSF, and DOES 1 through 30 breached their duty of care to persons in that they have failed to adequately train Defendant CHAMBERS and DOES 1 through 30, and other CCSF police officers, in the proper use of force in the course of their employment as peace officers. This lack of adequate supervisorial response by Defendants CCSF, and DOES 1 through 30, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of persons by CCSF police officers and CHAMBERS.

48. The wrongful conduct of Defendants CCSF, and DOES 1 through 30 proximately resulted in Plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### NINTH CAUSE OF ACTION
(Respondeat Superior)
(Against CCSF AND DOES 1-30)

49. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 of this complaint.

50. Defendant CHAMBERS and DOES 1 through 30 committed the acts described above within the course and scope of their employment as police officers for CCSF, and DOES 1 through 30.

51. Defendants CCSF, and DOES 1 through 30 are therefore liable under all causes of action brought against Defendant CHAMBERS and DOES 1 through 30 herein for the injuries and damages suffered by Plaintiff as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## TENTH CAUSE OF ACTION
(California Civil Code sec. 52.1)
(Against CHAMBERS, CCSF AND DOES 1-30)

52. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 51 of this complaint.

53. The conduct of defendant CHAMBERS and DOES 1 through 30 as described herein violated California Civil Code sec. 52.1 in that he interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through use of wrongful force.

54. As a direct and proximate result of defendants' violation of Civil Code sec. 52.1, plaintiff suffered violation of this constitutional rights, and suffered damage as set forth herein.

55. Since the conduct of officer CHAMBERS and DOES 1-30 occurred in the course and scope of their employment, defendant CCSF is therefore liable to plaintiff pursuant to respondeat superior.

56. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil . Code sec. 52.1 (h).

WHEREFORE, Plaintiff prays for relief as set forth herein.

## CLAIM REQUIREMENT

57. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## JURY DEMAND

58. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof at trial;

2. Special damages (including medical expenses and wage loss) according to proof at trial;

3. Punitive damages against individually named peace officer CHAMBERS and DOES 1-30

1. according to proof at trial;
2. 4. Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiff of Civil Code sec. 52.1(b) and reasonable attorney's fees, pursuant to Civil Code sec. 52.1 (h);
3. 5. Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;
4. 5. Costs of suit incurred herein;
5. 6. Such other and further relief as the Court may deem just and proper.

Dated: January 19, 2010                    PAOLI & GEERHART LLP

*[signature]*

CHARLES GEERHART
Attorney for Plaintiff

*BAGLIERI v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                    12